# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WILLIAM A. HAUCK,

        Plaintiff,

   v.                                Case No. 04-C-896

WISCONSIN CENTRAL LTD.,
A Railroad Corporation,

        Defendant.

## ORDER DENYING MOTION FOR A CONTINUANCE

This action arises out of an accident that occurred on October 16, 2001, while the plaintiff was working as a conductor as part of a two-person crew taking a train from Neenah, Wisconsin to Manitowoc, Wisconsin. Plaintiff claims to have been injured as a result of being exposed to toxic fumes while sitting in the cab of the lead locomotive on the train. He sued the defendant Wisconsin Central LTD (WCL) under the Federal Employer's Liability Act, 45 U.S.C. §§ 51, *et seq*. Discovery is scheduled to close on November 15, 2005, and trial is to commence on December 12, 2005. Presently before me is the defendant's motion to continue the trial date in order to consolidate another case recently commenced in the Western District of Wisconsin by the other member of the crew working on the day in question.

Defendant offers substantial reasons for consolidating the two cases. They arise out of the same incident and consolidation would conserve resources, both those of WCL and the court. If both cases were in a similar procedural posture, the defendant's motion would be granted. The

difficulty, however, is that they are not. As plaintiff notes in his response to defendant's motion, his lawsuit has been pending since September 17, 2004. The parties in this case are less than two weeks from the close of discovery, whereas the case for the other crew member has just been commenced. To grant defendant's motion would result in a significant postponement of the trial in plaintiff's case, while counsel for the other crew member conducts his discovery. In addition, plaintiff's counsel may conclude it is necessary to attend further depositions if only to protect plaintiff's interest in this case. Under these circumstances, the court concludes that plaintiff would be substantially prejudiced if defendant's motion would be granted.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for a continuance is **DENIED**.

Dated this __8th__ day of November, 2005.


s/ William C. Griesbach
William C. Griesbach
United States District Judge